NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH P. BEYERS,**
*Petitioner,*

v.

**DEPARTMENT OF STATE,**
*Respondent.*

---

2012-3099

---

Appeal from the Merit Systems Protection Board in No. DC3330110538-I-1.

---

Decided: February 12, 2013

---

KENNETH P. BEYERS, of Arlington, Virginia, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before DYK, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

Kenneth P. Beyers, a preference-eligible veteran, was denied employment for a position in the Foreign Service of the U.S. Department of State (the "agency") based on a failed suitability determination. The Merit Systems Protection Board ("the Board") dismissed his claim under the Veterans Employment Opportunities Act of 1998 (VEOA) on the ground that the petitioner's claim was barred by law of the case principles. For the following reasons, we *vacate and remand*.

## BACKGROUND

Beyers applied for a position in the Foreign Service as a Diplomatic Security Engineering Officer. Based on an initial review of his application, Beyers received a conditional offer of employment in a letter dated August 18, 2009. This letter informed Beyers that the offer was "contingent upon [his] satisfactory completion of . . . security, medical, and suitability clearance processes." J.A. 20. Though Beyers successfully completed the security and medical clearances, he failed the suitability determination, and his candidacy was "terminated by decision of the [Foreign Service's] Final Review Panel" on November 30, 2010. J.A. 25. The panel found that Beyers was unsuitable for employment based on, inter alia, prior misconduct in employment and a lack of financial responsibility. An appeals committee upheld the Final Review Panel's decision on March 9, 2011. Because Beyers was deemed unsuitable, he was never placed on a rank-ordered list of eligible candidates or given additional points based on his status as a preference-eligible veteran.

Beyers appealed to the Board, claiming both that (1) the agency's suitability determination was in error (the "suitability appeal") and (2) the agency violated the VEOA

in processing his application (the "VEOA appeal"). The administrative judge ("AJ") to whom the case was assigned issued an order on April 22, 2011, separating the claims into two distinct appeals with separate docket numbers. This order directed Beyers to file documentation proving that the Board had jurisdiction of his VEOA appeal, and directed the agency to file a response on the VEOA issue by May 3, 2011. The order noted that "[i]f [Beyers] shows that the Board has jurisdiction over the [VEOA] appeal, [it] will adjudicate the appeal after providing a hearing . . . for the further development of the written record on the claim." J.A. 51.

Shortly after this order, on April 25, 2011, the AJ issued an initial decision in the suitability appeal. The AJ noted that she lacked jurisdiction over the suitability appeal for two reasons. First, to the extent that regulations allow "suitability actions" to be appealed to the Board, a "non-selection" based on a suitability determination is not appealable. *See* 5 C.F.R. § 731.501(a) (noting that "suitability action[s]" may be appealed to the Board); 5 C.F.R. § 731.203(b) ("A non-selection . . . is *not* a suitability action . . . ."). Second, even if the non-selection of Beyers based on the suitability determination had been a "suitability action," such actions are only appealable to the Board when they relate to suitability determinations made by the Office of Personnel Management or an agency acting under delegated authority under Part 731 of the regulations, which was not the case here. *See* 5 C.F.R. § 731.501(a). This decision on the suitability appeal became final on May 30, 2011. Beyers concedes that jurisdiction was not present in the suitability appeal.

On April 27, 2011, Beyers responded to the AJ's order to explain why the Board nonetheless had jurisdiction over the separate VEOA appeal. Beyers argued that the Board had jurisdiction over the VEOA appeal under 5 U.S.C. § 3941(c) and 22 C.F.R. § 11.20(a)(4). The government in turn challenged the Board's jurisdiction over the

VEOA claim and argued that, even if the Board had jurisdiction, Beyers failed to state a claim under the VEOA.

On May 20, 2011, the AJ issued her initial decision on the VEOA appeal. She held that Beyers met the jurisdictional requirements of a VEOA claim. But she also held that Beyers failed to state a VEOA claim, noting that "neither the VEOA, nor any other statute or regulations cited by [Beyers] in his numerous pleadings, prohibit an agency from determining that a preference[-]eligible candidate is not qualified for a position because of reasons not related to veterans status." J.A. 58. The full Board affirmed on January 30, 2012. The Board determined that, because it lacked jurisdiction over the suitability appeal, review of the merits of the suitability determination in the VEOA appeal was barred by the law of the case, and that, accordingly, the appeal would be "dismissed for failure to state a claim for which relief may be granted." J.A. 3. Beyers appeals the Board's final decision on the VEOA appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

When reviewing a decision of the Board, "[w]e may only set aside agency actions, findings, or conclusions if we find them to be '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . .'" *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012) (quoting 5 U.S.C. § 7703(c)).

Here, the Board declined to consider whether the agency suitability determination constituted a violation of VEOA, concluding that it was foreclosed from doing so based on law of the case principles. This ruling was incorrect. Any decision in the suitability appeal could not

be law of the case with respect to the VEOA appeal, as those cases are separate appeals—the relevant doctrine here is collateral estoppel, which can be applied in different cases that address identical issues. *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274-75 (Fed. Cir. 2005). But the issues in the two appeals were not identical, and thus collateral estoppel does not apply here. The suitability appeal determined only that the Board lacked jurisdiction over the merits of the suitability determination; it did not make any holding with respect to the merits of the appeal. Thus, insofar as the merits of the suitability determination may serve as a factual predicate for a valid VEOA claim, the Board was not foreclosed from considering the merits of the suitability determination.

The government appears to argue that, even if the Board incorrectly relied on law of the case, the Board should be affirmed because petitioner's suitability claims do not state a claim under the VEOA. We agree that the VEOA does not generally accord any special treatment to veterans who are deemed unsuitable to hold a particular position. *See Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) ("[T]he VEOA does not enable veterans to be considered for positions for which they are not qualified."). We also note that, as a general matter, the Board does not have jurisdiction to review the merits of suitability determinations that result in an employee's non-selection. 5 C.F.R. § 731.501(a); 5 C.F.R. § 731.203(b).

Nonetheless, Beyers can establish a VEOA claim if he successfully "alleges that [the] agency has violated [his] rights under any statute or regulation relating to veterans' preference." 5 U.S.C. § 3330a(a)(1)(A). We have recently held in *Lazaro* that, in the context of a VEOA claim, "the Board has jurisdiction to determine whether [an agency] afforded [the petitioner] the right to compete for [a position] and properly determined, in accordance with [relevant veterans preference statutes or regulations], that [the petitioner] was not qualified for the

position." 666 F.3d at 1321. We think the question as to whether the Board may (or must) similarly address suitability issues in the context of the petitioner's VEOA claim is an issue best addressed in the first instance by the Board.

**VACATED AND REMANDED**