NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH P. BEYERS,**
*Petitioner,*

**v.**

**DEPARTMENT OF STATE,**
*Respondent.*

---

2014-3071

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-11-0538-M-1.

- - - - - - - - - - - - - - - - - - - -

**KENNETH P. BEYERS,**
*Petitioner,*

**v.**

**DEPARTMENT OF STATE,**
*Respondent.*

---

2014-3096

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-11-0661-I-4.

————————————

Decided:  December 3, 2014

————————————

KENNETH P. BEYERS, of Arlington, Virginia, pro se.

AUSTIN M. FULK, and MICHAEL D. AUSTIN, Trial Attorneys, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With them on the briefs were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

————————————

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

These consolidated appeals stem from an agency decision to rescind a conditional offer made to Kenneth P. Beyers ("Beyers") for employment.  Beyers appeals from two final orders of the Merit Systems Protection Board (the "Board") in companion cases in which the Board denied Beyers' requests for corrective action under the Veterans Employment Opportunities Act ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  *Beyers v. Dep't of State*, No. DC-3330-11-0538-M-1, 120 M.S.P.R. 573 (2014) ("*Beyers I*"); *Beyers v. Dep't of State*, No. DC-4324-11-0661-I-4, 2014 WL 5154051 (M.S.P.B. Feb. 12, 2014) ("*Beyers II*").  Because the Board did not err in denying Beyers' requests, we *affirm*.

## BACKGROUND

Beyers, a veteran, applied for the position of Diplomatic Security Engineering Officer in the Foreign Service of the Department of State (the "agency"). In August 2009, he received a conditional offer of appointment as a Foreign Service Career Candidate, subject to satisfactory completion of medical clearance, security clearance, and a suitability review. Appeal No. 2014-3071 Resp't's App. 41–44. During the suitability review, the agency's Final Review Panel found Beyers not suitable for employment with the Foreign Service and terminated his candidacy in November 2010. That decision was upheld by the Appeals Committee of the Board of Examiners for the Foreign Service in March 2011. The agency's determination that Beyers was unsuitable was based on findings of (1) misconduct in prior employment, (2) conduct demonstrating poor judgment or a lack of discretion, and (3) a lack of financial responsibility. *Id.* at 46–51.

Beyers appealed to the Board, challenging the merits of the suitability determination (the "suitability appeal"). The Board dismissed that appeal for lack of jurisdiction because relevant regulations prohibited the Board from reviewing the merits of the agency's suitability determination. *Beyers v. Dep't of State*, No. DC-0731-11-0467-I-1, 2011 WL 5155194 (M.S.P.B. Apr. 25, 2011). Beyers did not appeal from that decision, which became final.

I

In his suitability appeal, Beyers also claimed that the agency violated the VEOA in processing his application. The administrative judge ("AJ") to whom the case was assigned separated the VEOA claim into a second appeal (the "VEOA appeal"). The AJ then ordered Beyers to file documentation to establish that the Board had jurisdiction over this issue and directed the government to file a response. Beyers asserted that the Board had jurisdiction over his VEOA appeal because the agency was being

accused of violating his veterans' preference rights under 22 U.S.C. § 3941(c) and 22 C.F.R. § 11.20(a)(4). The government challenged the Board's jurisdiction and argued that, even if the Board had jurisdiction, Beyers failed to state a VEOA claim.

The AJ issued an initial decision, holding that Beyers met the jurisdictional requirements of a VEOA claim, but nevertheless failed to state such a claim. *Beyers v. Dep't of State*, No. DC-3330-11-0538-I-1, 2011 WL 5403685 (M.S.P.B. May 20, 2011). The AJ found that Beyers' VEOA appeal could be decided on the written record and denied his request for a hearing. *Id.* at ¶ 11. The AJ noted that "neither the VEOA, nor any other statute or regulation cited by [Beyers] in his numerous pleadings, prohibit an agency from determining that a preference eligible candidate is not qualified for a position because of reasons not related to veterans status." *Id.* at ¶ 15. The AJ thus denied Beyers' request for corrective action under the VEOA.

On Beyers' petition for review, the full Board affirmed and adopted the AJ's initial decision as the Board's final decision, except as modified by the Board's final order. *Beyers v. Dep't of State*, No. DC-3330-11-0538-I-1, 2012 WL 11879028 (M.S.P.B. Jan. 30, 2012). The Board reasoned in its final order that, because it lacked jurisdiction over the suitability appeal, review of the merits of the suitability determination in the VEOA appeal was barred by "the law of the case," and accordingly dismissed the VEOA appeal for failure to state a claim for which relief may be granted. *Id.* at *1.

Beyers appealed to this court, and we concluded that the Board incorrectly relied on the law of the case principle. *Beyers v. Dep't of State*, 505 F. App'x 951, 953 (Fed. Cir. 2013). We reasoned that "insofar as the merits of the suitability determination may serve as a factual predicate for a valid VEOA claim, the Board was not foreclosed from

considering the merits of the suitability determination." *Id.* While we agreed with the government that "the VEOA does not generally accord any special treatment to veterans who are deemed unsuitable to hold a particular position," we nonetheless noted that "Beyers can establish a VEOA claim if he successfully alleges that [the] agency has violated [his] rights under any statute or regulation relating to veterans' preference." *Id.* at 954 (alterations in original) (internal quotation marks omitted). We accordingly vacated the Board's final order and remanded the case for the Board to determine, in the first instance, whether it "may (or must) . . . address suitability issues in the context of [Beyers'] VEOA claim." *Id.*

On remand, the full Board denied Beyers' request for corrective action under the VEOA. *Beyers I*, 120 M.S.P.R. at 578. The Board found that Beyers "ha[d] not identified any statute or regulation relating to veterans' preference allowing an agency to disregard findings made during a suitability determination that would otherwise disqualify a preference eligible." *Id.* at 577. The Board noted that neither 22 U.S.C. § 3941(c) nor 22 C.F.R. § 11.20(a)(4), on which Beyers relied, "create[d] specific obligations for the agency with respect to the assessment of suitability of preference eligibles." *Id.* The Board, moreover, declined to address Beyers' argument that the agency violated 5 U.S.C. § 3311(2) because Beyers did not raise it before the Department of Labor and therefore failed to exhaust his administrative remedies. *Id.* at 576 n.3.

## II

In addition to his suitability and VEOA appeals, Beyers filed a third claim at the Board in 2011, alleging that the agency violated the USERRA by discriminating against him on the basis of his prior military affiliation ("the USERRA appeal"). After discovery and a hearing in July 2013, the AJ issued an initial decision denying Beyers' request for corrective action under the USERRA.

*Beyers v. Dep't of State*, No. DC-4324-11-0661-I-4, 2013 WL 6870082 (M.S.P.B. Aug. 1, 2013).

Specifically, the AJ found that all of the agency's witnesses testified that Beyers' veteran status did not influence their decision to rescind the agency's conditional offer, and the AJ found those witnesses' testimony credible. *Id.* at ¶ 13. The AJ found that Beyers failed to show that his prior military service or his status as a former military service member was a substantial or motivating factor in the agency's decision to rescind its conditional offer. *Id.* at ¶ 14. The AJ also noted that 37 years separated Beyers' discharge from military service in 1974 and the agency's decision in 2011, which was circumstantial evidence that his military service played no role in the agency's decision to rescind its conditional offer. *Id.* Finally, the AJ found that, "while the burden in this case did not shift to the agency to prove that its action would have been taken despite [Beyers'] protected status, indeed the record established that fact." *Id.* at ¶ 15.

Beyers petitioned for review of the AJ's USERRA decision. The full Board affirmed and adopted the AJ's initial decision as the Board's final decision. *Beyers II*, 2014 WL 5154051, at *1. Addressing the various arguments made by Beyers, the Board held that (1) the AJ's findings of fact were correct; (2) the AJ properly weighed the circumstantial evidence; (3) the Board would not disturb the AJ's credibility findings; (4) Beyers had not shown harmful error; (5) the AJ did not abuse his discretion in evidentiary and discovery rulings; and (6) Beyers had not shown that the AJ was biased. *Id.* at *2–8.

Beyers appealed to this court from the Board's final decisions in the VEOA appeal and the USERRA appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

I

We first consider whether the Board erred in denying Beyers' request for corrective action under the VEOA. To establish a claim under the VEOA, a preference eligible veteran must show that an agency has violated his rights under any statute or regulation relating to veterans' preference with respect to federal employment. *See* 5 U.S.C. § 3330a(a)(1)(A).

Beyers argues that the Board failed to conduct a substantive review of the agency's suitability determination and incorrectly held on remand, without further developing the factual record, that the agency did not violate any statute or regulation relating to veterans' preference. The government responds that Beyers has not alleged any fact, even if true, that would establish his VEOA claim. The government maintains that the Board correctly determined that Beyers failed to identify any statute or regulation relating to veterans' preference that was violated by the agency.

We agree with the government that the Board did not err in denying Beyers' VEOA claim on remand. Beyers

alleged that the agency violated 22 U.S.C. § 3941(c) and 22 C.F.R. § 11.20(a)(4). Section 3941(c) does provide in relevant part that "[t]he fact that an applicant for appointment as a Foreign Service officer candidate is a veteran or disabled veteran shall be considered an affirmative factor in making such appointments." Section 11.20(a)(4) likewise provides that "[v]eterans' preference shall apply to the selection and appointment of Foreign Service specialist career candidates." However, we agree with the Board that neither provision "creates specific obligations for the agency with respect to the assessment of suitability" or requires the agency to "disregard findings made during a suitability determination that would otherwise disqualify a preference eligible." *Beyers I*, 120 M.S.P.R. at 577.

Moreover, the Board correctly found that Beyers failed to identify any other statute or regulation relating to veterans' preference that mandates a different or lower suitability standard be applied to his suitability review. As we have stated, "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). The Board thus did not err in declining to undertake a substantive review of the agency's suitability determination on remand.

We have considered Beyers' remaining arguments, but find them unpersuasive. We therefore conclude that the Board did not err in denying Beyers' request for corrective action under the VEOA.

## II

We next consider whether the Board erred in denying Beyers' request for corrective action under the USERRA. An employee making a USERRA claim of discrimination bears "the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employ-

ment action." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). When the employee successfully makes this initial showing, the burden then shifts to the agency "to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Id.* at 1014.

Beyers argues that the Board committed various factual and legal errors. He challenges the AJ's credibility determinations. He also asserts that the AJ exhibited bias and abused his discretion in evidentiary and discovery rulings. The government responds that substantial evidence supports the Board's finding that the agency did not discriminate against Beyers on the basis of his military service and that the Board correctly applied the law.

We agree with the government that substantial evidence supports the Board's finding that Beyers' prior military service or his status as a former military service member was not a substantial or motivating factor in the agency's decision to rescind its conditional offer of employment. After a hearing, the AJ credited the testimony of the agency's witnesses that Beyers' veteran status "in no way influenced their decision to rescind the agency's conditional offer." *Beyers*, 2013 WL 6870082, at ¶ 13. As we have stated, "an evaluation of witness credibility is within the discretion of the Board and that, in general, such evaluations are 'virtually unreviewable' on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (quoting *Clark v. Dep't of Army*, 997 F.2d 1466, 1473 (Fed. Cir. 1993)).

Moreover, the Board properly considered the long intervening period of time between Beyers' discharge from military service and the agency's decision as circumstantial evidence that the agency did not discriminate against Beyers on the basis of his prior military service. *See Sheehan*, 240 F.3d at 1014. Thus, substantial evidence

supports the Board's finding that the agency did not violate the USERRA.

We have considered Beyers' remaining arguments, but find them unpersuasive. We therefore conclude that the Board did not err in denying Beyers' request for corrective action under the USERRA.

CONCLUSION

For the foregoing reasons, the decisions of the Board in both appeals are *affirmed*.

**AFFIRMED**

COSTS

No costs.