# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
>Appellant,

>v.

DEPARTMENT OF THE NAVY,
>Agency.

DOCKET NUMBER
AT-3330-15-0624-I-1

DATE: March 25, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Steven P. Stoer, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1]   A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     On or about November 25, 2014, the agency posted a vacancy announcement, listed under Job Announcement Number NE41102-12-1265003XXXXXXXXE, for the position of Contract Specialist, GS-1102-9/12. Initial Appeal File (IAF), Tab 6 at 42-48. The agency announced the vacancy pursuant to its Expedited Hiring Authority (EHA) under 10 U.S.C. § 1705(g). IAF, Tab 6 at 42. The announcement identified a Quality Ranking Factor (QRF) that would be used to determine applicants' qualifications. *Id*. at 44-45. The announcement further explained that applicants not possessing at least one of two listed types of experience would be found ineligible for the position. *Id*.

¶3     In his application, the appellant indicated on the occupational questionnaire that he did not possess either type of experience at issue. *Id*. at 40. Accordingly, the agency determined that he was ineligible for the position, and he was notified of that determination in an email dated June 4, 2015. *Id*. at 10-11. The appellant filed a timely complaint with the Department of Labor (DOL), alleging that the agency had violated his veterans' preference rights. IAF, Tab 4.[2] By letter dated

---

[2] The record reflects that the appellant is a preference eligible. IAF, Tab 9.

June 17, 2015, DOL informed him that it had completed its investigation and determined that the evidence did not support his allegation. *Id.* DOL further informed the appellant of his right to appeal the matter to the Board. *Id.*

¶4    On June 22, 2015, the appellant filed the instant VEOA appeal, again alleging that the agency had violated his veterans' preference rights when it failed to select him for the Contract Specialist position. IAF, Tab 1. Specifically, he claimed that the agency violated 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to credit him with all experience material to the position. IAF, Tabs 7, 12, 14. He noted that his application package included a Standard Form 50 (SF‑50) indicating that he had previously held a Contract Specialist position in another agency. *Id.* He argued that the agency had improperly relied on his responses to the occupational questionnaire when the experience indicated on his SF-50 was sufficient to meet the QRF for the position. IAF, Tab 14. He further contended that it was improper for the agency to use the QRF to screen out applicants, as opposed to using it as a ranking or tie-breaking tool. IAF, Tab 7. In addition, he claimed that the agency failed to comply with passover procedures under 5 U.S.C. § 3318. IAF, Tabs 7, 12, 14.

¶5    The administrative judge found that the Board had jurisdiction over the matter, but denied the appellant's request for corrective action. IAF, Tab 16, Initial Decision (ID). In his decision, the administrative judge observed that the agency had filled the vacancy pursuant to 10 U.S.C. § 1075(g),[3] which authorizes the Secretary of Defense to "designate any category of acquisition workforce positions as positions for which there exists a shortage of candidates or there is a critical hiring need," and "utilize the authorities in [5 U.S.C. §§ 3304, 5533, and

---

[3] The administrative judge cited to 10 U.S.C. § 1705(h), which is where the EHA provision was originally codified. *See* Duncan Hunter National Defense Authorization Act for Fiscal Year 2009, Pub. L. No. 110-427, § 833, 122 Stat. 4356 (2008). However, the provision has been located at section 1705(g) at all times relevant to this appeal. *See* National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 803, 126 Stat. 1632 (2013) (redesignating section 1705(h) as section 1705(g)).

5753] to recruit and appoint qualified persons to positions directly to positions so designated." The administrative judge reasoned that, because the agency filled the Contract Specialist position under the competitive‑service process, the relevant statute was 5 U.S.C. § 3304(a)(3), which provides authority for agencies to directly appoint candidates to positions, "without regard to the provisions of sections 3309 through 3318," to positions "for which there exists a severe shortage of candidates or . . . there is a critical hiring need." *Id.* Accordingly, he found that the agency was not required to follow 5 U.S.C. §§ 3311(2) and 3318 when filling the Contract Specialist position through the EHA. ID at 6-7. As for the alleged violation of 5 C.F.R. § 302.302(d), the administrative judge noted that the regulation governs excepted‑service appointments and therefore is inapplicable. ID at 8 n.6. He further found that he lacked authority under VEOA to review the manner in which the agency applied the QRF. ID at 7.

¶6        This petition for review followed. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has filed a reply to its response. PFR File, Tabs 3, 6.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7        On petition for review, the appellant again argues that, in finding that he did not meet the QRF, the agency improperly relied on the occupational questionnaire instead of considering the experience listed on his SF-50. PFR File, Tabs 1, 6. He further argues, for the first time on review, that using the QRF to screen out candidates is contrary to the procedures set forth in chapter 5 of the Office of Personnel Management (OPM) Delegated Examining Operations Handbook (DEOH). *Id.*[4]

---

[4] In his reply to the agency's response to his petition, the appellant further contends that, contrary to the initial decision, the agency violated 5 U.S.C. § 3311(2). PFR File, Tab 6. However, our regulations provide that a party may not raise new allegations of error on the part of the administrative judge in a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a)(4). In any event, we discern no error in the

¶8        Concerning the appellant's argument that the agency should have considered his SF-50 instead of the occupational questionnaire in deciding whether he met the QRF, we agree with the administrative judge that the Board lacks authority to consider that claim.  VEOA does not authorize the Board to adjudicate the merits of an agency action beyond determining whether the action violated a statute or regulation relating to veterans' preference.  *See Villamarzo v. Environmental Protection Agency*, 92 M.S.P.R. 159, ¶ 5 (2002).  The appellant has not identified a statute or regulation relating to veterans' preference that would prohibit the agency from relying on an applicant's response to the occupational questionnaire in determining whether the QRF is satisfied.  Nor are we aware of any such statute or regulation.

¶9        As to the alleged violation of the DEOH, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In any event, the appellant's claim that the agency violated the DEOH is not cognizable under VEOA.  To be entitled to relief under VEOA, an appellant must show by a preponderance of the evidence that the agency violated his rights under a statute or regulation relating to veterans' preference.  *Beyers v. Department of State*, 120 M.S.P.R. 573, ¶ 6, *aff'd*, 593 F. App'x 980 (Fed. Cir. 2014).  The DEOH does not constitute such a statute or regulation, and therefore cannot support a claim for corrective action under VEOA.  *Cf. Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 9 (2012) (finding that, to the extent the appellant alleged that the agency violated OPM's VetGuide, he failed to nonfrivolously allege a violation of statute or regulation relating to veterans' preference); *Coats v. U.S. Postal Service*,

administrative judge's finding that the agency was not bound by the requirements of 5 U.S.C. § 3311(2), 5 U.S.C. § 3318, or 5 C.F.R. § 302.302(d) when filling the Contract Specialist position through the EHA.

111 M.S.P.R. 268, ¶ 14 (2009) (finding that a veterans' preference provision of a Postal Service handbook was not a "statute or regulation" relating to veterans' preference under VEOA).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.