# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

YOLANDA LEWIS-MOZEJKO,
　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF HEALTH AND
　　HUMAN SERVICES,
　　　　　　Agency.

DOCKET NUMBER
DE-3330-21-0185-I-1

DATE: April 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Isaac P. Hernandez</u>, Esquire, Phoenix, Arizona, for the appellant.

<u>Lisa M. McGinnis</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her Veterans Employment Opportunities Act (VEOA) appeal on the grounds that she failed to provide the agency with sufficient information to establish her entitlement to veterans' preference.  For the reasons set forth below, we VACATE the initial decision but still DENY corrective action, albeit on a different basis than that articulated in the initial decision.

**BACKGROUND**

¶2     In 2019, the appellant was hired by the agency as a GS-8 Legal Assistant. Initial Appeal File (IAF), Tab 12 at 22.  As part of the selection process, the agency awarded her a 10-point veterans' preference for a compensable service connected disability she had claimed in her application.  IAF, Tab 6 at 117, Tab 12 at 27, Tab 34 at 19.  In 2020, an agency human resources specialist was reviewing the appellant's electronic official personnel file (eOPF) when she discovered that the only Department of Defense (DD) Form 214, Certificate of Release or Discharge from Active Duty, in the appellant's eOPF reflected that she received a bad conduct discharge upon her separation from the U.S. Army in 1988.  IAF, Tab 12 at 35, Tab 32 at 33-34, Tab 35 at 29-30.  Because the appellant was unable, in response to the agency's requests, to provide a DD-214 reflecting a discharge under honorable conditions, the agency amended her Standard Form (SF) 50 to reflect no veterans' preference.  IAF, Tab 6 at 11, 14, 96, Tab 31 at 9.  After filing a complaint with the Department of Labor (DOL) and receiving a close-out letter, the appellant filed a Board appeal contesting the removal of her 10-point veterans' preference from her SF-50.  IAF, Tab 1 at 2, 7. In response to the administrative judge's jurisdictional order requiring the appellant to file, among other things, a statement supporting her entitlement to veterans' preference and the agency's violation of a statute or regulation relating

to veterans' preference, the appellant claimed that she was entitled to veterans' preference based on two periods of military service—from 1977 to 1979 and from 1979 to 1983—for which she received honorable discharges not reflected on her DD-214, and that, among other statutory violations, the agency committed several prohibited personnel practices listed in 5 U.S.C. § 2302(b).  IAF, Tab 3 at 6, Tab 6 at 1-4.  The appellant alleged that the agency violated additional statutes over the course of the appeal, including 5 U.S.C. §§ 2108, 2108a, 3304(f), and 38 U.S.C. § 511.  IAF, Tab 26 at 5-10, Tab 36 at 5-10.[3]  The appellant waived the hearing she initially requested.  Tab 1 at 1, Tab 23 at 1.

¶3      The administrative judge denied the appellant corrective action in the initial decision, finding that, although she established Board jurisdiction, she failed to provide the agency with sufficient proof of a separation under honorable conditions to establish that she was a preference eligible under 5 U.S.C. § 2108.  IAF, Tab 40, Initial Decision (ID) at 7-11.  In her petition for review, among other arguments, the appellant contends that her honorable discharges for her earlier periods of service were established by other competent evidence, including letters from the Department of Veterans Affairs (DVA) which she claims must be afforded deference under 38 U.S.C. § 511, and asserts that the administrative judge ignored her prohibited personnel practice arguments.  Petition for Review (PFR) File, Tab 1 at 4-9.  The agency filed a response, to which the appellant has replied.  PFR File, Tabs 5, 6.

---

[3] The appellant cites to various purported statutory provisions that do not exist.  IAF, Tab 6 at 1-2 (citing violations of "5 U.S.C. § 2301(a)(1)(11)(A)(B)" and "5 U.S.C. § 2302(a)(1)(9)(A)(i)(ii)"); Tab 26 at 5 (citing "5 U.S.C. § 2018").  We assume that the appellant intended to cite 5 U.S.C. § 2302(b)(1), (9), (11), and 5 U.S.C. § 2108.

## ANALYSIS

<u>The appellant fails to show that the agency violated her rights under any statute or regulation relating to veterans' preference.</u>

¶4    In 5 U.S.C. § 3330a(a)(1)(A), VEOA affords a preference eligible who asserts that an agency has violated her rights under a statute or regulation "relating to veterans' preference" with respect to Federal employment the right to file a complaint with the Secretary of Labor. *Beyers v. Department of State*, 120 M.S.P.R. 573, ¶ 6, *aff'd per curiam*, 593 F. App'x 980 (Fed. Cir. 2014). After she has exhausted her remedies with DOL, VEOA affords a preference eligible the right to appeal the alleged violation to the Board. *Id.*; s*ee* 5 U.S.C. § 3330a(d). For purposes of this appeal, the definition of a "preference eligible" in 5 U.S.C. § 2108(3) includes a "disabled veteran" as defined in 5 U.S.C. § 2108(2), which, for relevant purposes, is an individual who has been separated from active duty service in the armed forces under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation because of a statute administered by the DVA. The benefits of qualification as a preference eligible include preference in competitive appointments and retention during reductions in force. *E.g.*, 5 U.S.C. §§ 3309, 3502; *see* IAF, Tab 34 at 14.

¶5    As the administrative judge found, the only dispute regarding the appellant's claim to veterans' preference is whether she was separated from active duty service with the U.S. Army under honorable conditions. ID at 8. However, we need not decide this issue because, even if the appellant qualifies as a preference eligible, she has failed to show that the agency's actions violated her rights under any statute or regulation relating to veterans' preference.

¶6    Section 1208.23(a)(3) of title 5, Code of Federal Regulations, requires the appellant in a VEOA appeal to provide a statement identifying the statute or regulation relating to veterans' preference that was allegedly violated and an explanation of how it was violated. On review, the statutes or regulations the

appellant alleges the agency violated include 5 U.S.C. §§ 2108, 2108a, 3330a, 2302(b)(11), and 38 U.S.C. § 511.  PFR File, Tab 1 at 6-16.  She also alleged on appeal that the agency violated 5 U.S.C. §§ 3304(f),[4] 2301(b)(2), 2302(b)(1), (2), (9), (10), and (12), and 2302(e)(1)(G).  IAF, Tab 6 at 1-4, Tab 26 at 5-10, Tab 36 at 5-10.

¶7      In *Dean v. Department of Agriculture,* 99 M.S.P.R. 533, ¶ 17 (2005), *aff'd on reconsideration*, 104 M.S.P.R. 1 (2006), the Board recognized that neither VEOA nor any applicable regulation defines the phrase "relating to" as used in 5 U.S.C. § 3330a(a)(1)(A).  Accordingly, the Board applied the ordinary meaning of that phrase, i.e., "'stand[s] in some relation to,' has a bearing on, concerns, and 'has a connection with,'" to find that 5 U.S.C. § 3304(b), a provision requiring that an individual pass an examination in order to be appointed in the competitive service unless specifically excepted, relates to veterans' preference because it ensures the application of veterans' preference provisions to competitive service appointments.  *Id.*  Other statutes and regulations have been found by the Board to not relate to veterans' preference, in some cases even when bearing a nexus with military service.  *See Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 12 (2010) (finding a statute which provides for rates of annual leave accrual based on years of service does not relate to veterans' preference despite setting forth circumstances in which a person may receive service credit for active duty military service), *aff'd per curiam*, 407 F. App'x 458 (Fed. Cir. 2011); *Simpkins v. Department of Labor*, 107 M.S.P.R. 651, ¶¶ 19-20 (2008) (finding provisions regarding the requirement to pay interest on a deposit to receive service credit under the Federal Employees Retirement System for prior military service do not relate to veterans' preference); *Sherwood v. Department of Veterans Affairs*,

---

[4] Although the appellant specifically cites 5 U.S.C. § 3304(f)(3), IAF, Tab 26 at 5, we construe her citation to refer to all of section 3304(f) because subsection (f)(3) cannot be read independently of the remainder of subsection (f).

88 M.S.P.R. 208, ¶ 11 (2001) (finding the Americans with Disabilities Act does not relate to veterans' preference), *modified on other grounds by Abrahamsen v. Department of Veterans Affairs*, 94 M.S.P.R. 377, ¶ 7 (2003).

¶8        Among the provisions the appellant alleges the agency violated, the Board has held that 5 U.S.C. §§ 3304(f) and 2108 are statutes "relating to veterans' preference" for VEOA purposes. *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 16 (2006); *Villamarzo v. Environmental Protection Agency*, 92 M.S.P.R. 159, ¶ 8 n.1 (2002); *see* 5 U.S.C. § 2302(e)(1)(A). However, the appellant's allegations of violations of these provisions fail on the merits for other reasons. Section 3304(f), which relates to a preference eligible or veteran's opportunity to compete for vacant positions, is inapplicable to this case because the appellant does not allege, nor does the record establish, that she was ever denied any opportunity to compete for a position. Indeed, the appellant conceded that her appeal is not based on her right to compete, IAF, Tab 13 at 5, and the agency hired her based on a 10-point veterans' preference she claimed in her application, IAF, Tab 6 at 117, Tab 12 at 27, Tab 34 at 19. The appellant's allegation of a violation of 5 U.S.C. § 2108 fails to state a claim because section 2108 only prescribes, for relevant purposes, the definition of the term "preference eligible" referenced in other provisions of the U.S. Code, and does not itself grant employees who fall within that definition any rights.

¶9        Using the method to determine whether a statute or regulation relates to veterans' preference employed in *Dean*, several of the other statutes the appellant alleges were violated could be said to stand in some relation to, have a bearing on, concern, and have a connection with veterans' preference rights, namely 5 U.S.C. §§ 2108a, 3330a, 2302(b)(11), and 2302(e)(1)(g). However, to the extent that these statutes do relate to veterans' preference for VEOA purposes, the appellant's claims of their violations fail on the merits for other reasons.

¶10       Section 2108a, which extends veterans' preference rights to individuals who are still serving on active duty in the armed forces, is inapplicable because the

appellant is no longer serving on active duty. Her claim of a violation of 5 U.S.C. § 3330a fails because that provision only provides for avenues of administrative redress under VEOA, and the appellant does not appear to allege, nor is there any indication in the record, that the agency violated her rights to seek such redress. Section 2302(b)(11) proscribes the taking, recommending, or approving, or failure to take, recommend, or approve, a "personnel action" as defined in section 2302(a)(2)(A) in violation of a "veterans' preference requirement" enumerated in section 2302(e)(1), but the appellant failed to demonstrate that the agency actions at issue, which amounted to an inquiry and discussions regarding her entitlement to veterans' preference and the removal of the veterans' preference code from her SF-50, related to any "personnel action." As the appellant conceded, her appeal is not related to her being "non-selected, hired, promoted and/or being terminated," nor has she been suspended, is she seeking reinstatement to a position, or has she lost any wages or benefits. IAF, Tab 13 at 4-5, Tab 24 at 2, Tab 26 at 5, 9. The appellant also fails to establish a violation of section 2302(b)(11) because she fails to show a violation of any of the veterans' preference requirements in section 2302(e)(1), and even if she did establish a violation of section 2302(b)(11), section 2302(e)(2) states that "no authority to order corrective action shall be available in connection with a prohibited personnel practice described in [§ 2302](b)(11)."[5] Lastly among the statutes in this category, section 2302(e)(1)(G) includes within the veterans' preference requirements "[a]ny other provision of law that the Director of the Office of Personnel Management (OPM) designates" as such in regulations. The appellant's conclusory allegation that "[e]ach and every provision of law within [section 2302(e)(1)(G)] has been violated," IAF, Tab 26 at 8, fails because it does

---

[5] To the extent the appellant seeks intervention of the Office of the Special Counsel (OSC) for the agency's alleged prohibited personnel practices, PFR File, Tab 1 at 5, 14, because we have found no evidence that the agency committed a prohibited personnel practice, we see no reason to refer this matter to OSC under 5 U.S.C. § 1221(f)(3).

not identify any specific provision designated as a veterans' preference requirement by the Director of OPM, nor does it describe how any such provision was violated.

¶11        The remainder of the statutes the appellant alleges the agency violated do not relate to veterans' preference, and her allegations of their violation accordingly fail to state a claim upon which relief can be granted.  *Simpkins*, 107 M.S.P.R. 651, ¶¶ 20-21.   Although a statute need not recite the term "veteran" in order to be a statute relating to veterans' preference, *Dean v. Department of Labor*, 808 F.3d 497, 502 (Fed. Cir. 2015), case law indicates that a statute or regulation must, at minimum, bear some nexus to a mechanism through which veterans' preference operates, such as 5 U.S.C. § 3304(b) and competitive service appointments, *Dean,* 99 M.S.P.R. 533, ¶ 17.   Under this principle, 5 U.S.C. § 2301(b)(2), the merit system principle exhorting fair and equitable treatment and regard for individuals' privacy and constitutional rights, section 2302(b)(1), which prohibits discrimination on the basis of race, color, religion, sex, national origin, age, disability, marital status, or political affiliation, section 2302(b)(2), which relates to solicitation or consideration of recommendations or statements with respect to an individual who requests or is under consideration for a personnel action, section 2302(b)(9), which prohibits retaliation for certain activities, such as filing appeals, complaints, or grievances, section 2302(b)(10), which prohibits discrimination on the basis of conduct unrelated to job performance, section 2302(b)(12), which protects against violations of the merit system principles, or 38 U.S.C. § 511, which pertains to the finality of decisions of the Secretary of Veterans Affairs affecting DVA benefits, do not stand in some relation to, have a bearing on, concern, or have a connection with veterans' preference rights, and the appellant's claims of their violation do not entitle her to relief under VEOA.  *See Simpkins*, 107 M.S.P.R.

651, ¶ 20.[6] We thus find that the appellant's allegations that the agency violated her rights under any of the statutes or regulations she identifies fail to state a claim for which relief can be granted under VEOA.[7]

---

[6] Though we need not address the appellant's claims under these statutes further, they fail on the merits for additional reasons. The appellant's allegation that the agency violated her privacy and constitutional rights under 5 U.S.C. § 2301(b)(2), IAF, Tab 26 at 7, fails because she does not describe, nor does the record reveal, any act by the agency that violated her privacy as set forth in any legal authority or any constitutional right. The appellant's claims of violations of section 2302(b)(1), (2), (9), (10), and (12) fail for one of the same reasons as her allegation under section 2302(b)(11)—because she fails to make the required showing that any "personnel action" occurred or failed to occur, as required to establish a prohibited personnel practice. Finally, though the appellant alleges that the agency failed to credit DVA letters stating that she was honorably discharged from the U.S. Army in violation of 38 U.S.C. § 511, decisions by the Secretary of Veterans Affairs to be accorded finality under that statute are limited to those as to "such questions" that are "necessary to a decision by the Secretary under a law that affects the provisions of benefits" by the DVA. 38 U.S.C. § 511(a). Accordingly, courts have held that decisions of the Secretary of Veterans Affairs to be given conclusive effect under 38 U.S.C. § 511 are only those which affect the provision of benefits awarded by the DVA. *E.g.*, *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012) (finding that 38 U.S.C. § 511(a) did not preclude a district court from making independent decisions of fact and law in a Federal Tort Claims Act suit based on the death of the appellant's husband despite the appellant's contention that the court was bound by the DVA's decisions in its adjudication of her death benefits claim); *see Mynard v. Office of Personnel Management,* 108 M.S.P.R. 58, ¶ 14 (2008) (decisions of courts other than the U.S. Court of Appeals for the Federal Circuit, although not binding on the Board outside the context of certain whistleblower reprisal cases, may be followed if the Board finds the reasoning persuasive). Because, as the appellant has conceded, an adverse decision by the agency on her claim to veterans' preference would not affect her DVA benefits, IAF, Tab 36 at 9, 38 U.S.C. § 511 does not prevent the agency from making an independent determination as to her entitlement to veterans' preference.

[7] The appellant's additional arguments also do not afford her relief. For instance, she alleges on review that the administrative judge, among other errors, failed to follow the mission of the Board and violated his oath as a judge under 28 U.S.C. § 453. PFR File, Tab 1 at 13. Notwithstanding the inapplicability of 28 U.S.C. § 453 to administrative judges of the Board, we find nothing to support these conclusory allegations in the record. The appellant also asserts that the agency discriminated against her regarding her military service as evidence of an allegation of a prohibited personnel practice under 5 U.S.C. § 2302(b). IAF, Tab 6 at 1; PFR File, Tab 1 at 16. It does not appear that the appellant intended to raise an independent discrimination claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA), as she

¶12    This decision does not preclude the appellant from filing a new Board appeal, after exhausting her remedy with DOL, should she suffer some action in the future that violates a right to which she may establish her entitlement under any statute or regulation relating to veterans' preference.  Any such appeal must be filed in accordance with the Board's regulations.  Nothing in this Final Order is intended to prevent the appellant from filing a request to amend her SF-50 under the Privacy Act, according to the procedures of 5 U.S.C. § 552a(d)(2).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

withdrew her USERRA complaint with DOL before her Board appeal.  IAF, Tab 6 at 2, 30.  Accordingly, we decline to address this argument.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____
                      Jennifer Everling
                      Acting Clerk of the Board

Washington, D.C.